Overseers of the Poor of Lampiter Township, in the County of Lancaster *against* Overseers of the Poor of the Borough of Lancaster.

No appeal lies to the session on an order of maintenance of a pauper.

Two justices of the peace of Lancaster county made an order in the following words:

"LANCASTER COUNTY, *ss.*

"Whereas it appeareth unto us the subscribers, two of the justices of the peace, that George Gimper is very poor, and that his legal settlement is in the township of Lampiter; we do order and direct you the overseers of the poor of the said township, to pay unto the said George Gimper weekly and every week, as you may think sufficient for his support and main-

tenance. Given under our hands and seals the 28th day of August 1790."

" MICHAEL HUBLEY,<br>
JACOB REIGER."

" To the overseers of the poor of Lampiter township."

The overseers of the township of Lampiter considering this as an order of removal, gave notice to the overseers of the borough of their intention of appeal, and entered an appeal to the next sessions, making the latter parties thereto. In February sessions following the sessions reversed the order of the justices, for defects on the face of the order. All the proceedings were removed up by *certiorari*.

Mr. Hopkins for Lampiter township, contended that the order could not be supported as an order of removal; it was made without complaint; it did not specify that the pauper was likely to become chargeable; there is no adjudication of settlement. 3 Burn's Just. 497, 502, 506. (14th edit.) Nor is it good as an order of maintenance, as no weekly specified sum is directed to be paid to the pauper, according to the precedent in 3 Burn's Just. 575. From these orders of maintenance it has been the constant practice to appeal.

Mr. C. Smith for the borough of Lancaster, admitted that the paper was not maintainable as an order of removal, but that it was good as an order of maintenance, under the act of 9th March 1771, made perpetual by the law of 25th of March 1782. (2 Dall. St. Laws, 20.) It is provided thereby that no person shall be entered in the poor books of any township, or receive relief, before he has procured an order from two magistrates or justices of the peace for the same; but from these orders no appeal is given to the sessions. Express words provide for an appeal on orders of removal alone. So it is in England, where no appeal lies from an order of maintenance. Doug. 316.

By the court. The order of the two justices can be considered only as an order of maintenance, and is good as such, under the act of 9th March 1771. There is no necessity for a fixed weekly sum to be expressed in the order. The necessities of the pauper and his state of health, may make different sums proper at various times. It often happens, that a distressed object may stand in need of immediate relief, and it becomes the duty of the justices to administer to his aid. The township to whom the order is directed must provide for his necessities; but if it is found that the pauper

has no legal settlement there, they must get rid of him by an order of removal to his last place of settlement. What is said to be the common practice of appealing from orders of maintenance, is not justified by the law, but is highly erroneous. The order of sessions quashed.

Yeates, J. as an inhabitant of the borough of Lancaster, gave no opinion.